United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41169
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNANDINO FRIAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-322-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bernandino Frias appeals his guilty-plea sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326 (a) and (b). He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Frias also argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Frias acknowledges that his first argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he wishes to preserve the issue for Supreme Court review in light of Apprendi.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Thus, we must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

We review Frias's second argument, challenging the imposition of his sentence under a mandatory sentencing guidelines scheme, for plain error.  See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005); see also United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005).  After Booker, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. Valenzuela-Quevedo, 407 F.3d at 733.  Frias has not shown, however, that the plain error affected his substantial rights. See id. at 733-34.  Accordingly, Frias's sentence is AFFIRMED.